ADAMSON v. SHALER et al.

(District Court, E. D. Wisconsin. November 10, 1913.)

PATENTS (§ 310*)—INFRINGEMENT—PLEADING—COUNTERCLAIM.

The provision of new equity rule 30 (201 Fed. v, 118 C. C. A. v) that a defendant may set out in his answer "any set-off or counterclaim against the plaintiff which might be the subject-matter of an independent suit in equity against him" does not authorize the defendant, in an infringement suit, to set up as a counterclaim a cause of action for infringement of another patent, wholly unrelated to the subject-matter of the bill.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity. Suit by Cecil F. Adamson against Clarence A. Shaler and others. On motion to strike out counterclaim. Sustained.

Complainant filed his bill charging infringement of letters patent. Defendant has incorporated in his answer two counterclaims; the first alleging unfair competition in trade, the second, a cause of action for infringement of letters patent—a separate suit not connected with the subject-matter nor transactions comprehended within complainant's bill. To the first of these counterclaims complainant has replied, and he now moves to strike out the second.

Percy B. Hills, of Washington, D. C., and Arthur L. Morsell, of Milwaukee, Wis., for complainant.

Erwin & Wheeler, of Milwaukee, Wis., for defendants.

GEIGER, District Judge. Rule 30 of the new equity rules (201 Fed. v, 118 C. C. A. v) deals with the form, contents, and effect of answers in so far as they are or may be directly responsive to the averments of the bill, and also provides that:

"The answer must state in short and simple form any *counterclaim arising out of the transaction* which is the subject-matter of the suit, and may, without cross-bill set out any set-off or counterclaim against the plaintiff which might be the subject-matter of an independent suit in equity against him, and such set-off or counterclaim so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

The cases of Terry Steam Turbine Co. v. B. F. Sturtevant Co. (D. C.) 204 Fed. 103, and Marconi Wireless Telegraph Co. v. National Electric Signaling Co. (D. C.) 206 Fed. 295, illustrate the diversity of opinion which has arisen respecting the scope of the rule. In the former, Judge Dodge, declaring the evident purpose of rule 30 to be the abolition of cross-bills, and requiring everything to be done by way of answer only, and that the term "counterclaim" must refer to such matter as properly constitutes a counterclaim in equity, says:

"The terms 'counterclaim' and 'set-off' have often been used interchangeably; but, since rule 30 uses both, it must mean by 'counterclaim' any claim, not such as to constitute a set-off, which, in equity, a defendant might assert against the plaintiff, in the same suit. As will hardly be disputed, the rule has been that no cross-claim can be thus asserted, unless its subject-matter grows out of, and the relief sought depends upon, the subject-matter of the

plaintiff's bill. These conditions existing whether the cross-claim be in tort or contract, and whether for liquidated or unliquidated damages, the defendant may obtain affirmative relief against the plaintiff in the same suit; or, in the words of rule 30, the court can pronounce a final judgment in the same suit both on the original and cross-claims. Cross-claims of this kind only have been what are recognized as 'counterclaims' in equity. The term appears to have come into general use through the Codes of Procedure adopted in many states. In them, speaking generally, 'counterclaim' is expressly defined as a cross-claim of the kind above described."

After referring to the provisions of the New York Code defining a counterclaim to be cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action (and the provisions of the Wisconsin and other Codes are similar) he proceeds:

"To make 'counterclaim' include all cross-claims upon which the defendant might sue the plaintiff in equity, even if having no connection, however remote, with the plaintiff's cause of action, is to permit two original bills in the same suit, which is certainly in violation of well-settled principles. See Stuart v. Hayden, 72 Fed. 402, 410, 18 C. C. A. 618; Id., 169 U. S. 1, 18 Sup. Ct. 274, 42 L. Ed. 639. Had so radical a change in these principles been intended by rule 30, the reasonable supposition is that it would have been unmistakably declared.

"It is said that rule 30 does unmistakably declare such an intention in the words 'which might be the subject of an independent suit in equity against him' (i. e., the plaintiff), and by the provision 'shall have the same effect as a cross-suit.' But the words and the provision relied on relate, as they stand in the rule, not to cross-claims in general, but to counterclaims in equity only. So used, it seems to me that they are more probably to be understood as a requirement that affirmative relief sought upon a counterclaim must be within the equitable jurisdiction of the court."

I adopt these views and the conclusion that the language of the rule must be limited to the accomplishment of the evident purpose. When we consider the results which would follow permitting a defendant to set up by way of counterclaim causes of action wholly unrelated to the subject-matter of the bill, the soundness of such views becomes manifest. One of these results would be—if the broad construction be not again limited to specific cases, such as patent cases where diversity of citizenship is immaterial—to indirectly enlarge the statutory jurisdiction. For example, in a suit brought by a citizen of Illinois in this district to foreclose a mortgage, the defendant citizen of Wisconsin could set up by way of counterclaim an equitable cause of action for specific performance of a contract in no way connected with the subject-matter of the bill. In this way he would invoke the federal jurisdiction, whereas he could not in the first instance do so, being a resident of this district. True, it may be said that the rule can be given the broad construction with the limitation that in the supposed and other cases it should not apply because of the obstacles interposed by the statutes controlling the grant and exercise of federal jurisdiction. But as indicated, this requires us to assume the adoption of a broad comprehensive rule which, in its practical workings, can have very limited application.

But another consideration is quite persuasive against the adoption of the broad construction. It may be conceded that the new rules as a whole aim to simplify proceedings, and, as is evident, have features

of modern codes of civil procedure in which distinctions between actions at law and proceedings in equity are abolished. The new rule No. 26 (201 Fed. v, 118 C. C. A. v), permitting joinder by complainants of any number of causes of action cognizable in equity in one bill, subject only to convenience of trial, is cited as evidencing adoption of not only the letter but the spirit of many of the Codes. But the construction claimed for rule 30 (and in support whereof the liberality of rule 26 is cited) brings us far beyond any effort made in code provisions respecting the scope of answers in equitable actions. Now, if the scope of rule 30 may be ascertained by a reference to other rules, it seems to me that rule 31 (198 Fed. xxvii, 115 C. C. A. xxvii), relating to replies and the formation of an issue, is significant. If it were intended by rules 26 and 30 to enlarge the scope of equitable procedure by permitting answers to incorporate causes of action not related nor germane to the subject of the bill, then rule 31 would naturally have the necessary provisions to enable a plaintiff to obtain such affirmative relief as, were the counterclaiming defendant proceeding by original bill, the complainant could obtain, formerly by crossbill, now by counterclaim. For example, in the case already referred to, a citizen of Illinois, suing a citizen of Wisconsin, upon a cause of action for foreclosure, the latter might, under the broad construction claimed for rule 30, set up by counterclaim a cause of action for specific performance of a contract wholly unrelated to the subject-matter of the bill. Must the plaintiff, because of the limitations of rule 31 forego, for instance, his right to relief by way of reformation which he could formerly have asserted through cross-bill? Is there any way whereby a plaintiff through a "reply" to such counterclaim can obtain affirmative relief? It would seem not; the effect of the rule is plainly to determine the point when and how an issue for trial upon the merits is created.

Thus, if rule 30 be given the broad construction permitting a defendant in effect to file an original bill by way of counterclaim, we would have a system whereunder the defendant could answer fully all of complainant's original causes of action, but complainant could in no event assert his right to affirmative relief upon a defendant's original cause of action, set out by way of counterclaim. If the rules be considered in the light of the former practice which was foundationed upon the principle that complainant's bill determines the *scope* of the *exercise* of *jurisdiction,* there appears to be no reason for giving to rule 30 any larger office than that requisite to bring about the change so obviously indicated; i. e., that of incorporating in an answer: (1) The matters formerly included in answers proper; (2) matters formerly the subject of auxiliary or cross-remedies through cross-bills.

The conclusion is that the motion to strike out the counterclaim be granted.