## GILLILAND v. ADAMSON.*

(Circuit Court of Appeals, Eighth Circuit. October 11, 1915.)

No. 4337.

PATENTS ⬤297, 328—INFRINGEMENT—INJUNCTION—DECISION IN OTHER DISTRICT.

The parties are entitled to a judgment based on the facts as developed in the case; and those facts, as established by undisputed testimony, containing no inherent improbabilities, demonstrating beyond a reasonable doubt that defendant made, used, and sold vulcanizers, embodying all the features contained in complainant's patent, No. 1,057,911, not only before the patent was issued, but even before the idea became definitely formed in complainant's mind, he should not be enjoined as an infringer, notwithstanding the decree for complainant of another district court, in a suit by him against another.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. ⬤297.

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit by David C. Gilliland against Cecil F. Adamson. From a decree for complainant, defendant appeals. Reversed, with directions.

T. Percy Carr, of St. Louis, Mo. (James A. Carr and Amasa M. Holcombe, both of St. Louis, Mo., on the brief), for appellant.

Percy B. Hills, of Washington, D. C. (Douglas W. Robert, of St. Louis, Mo., on the brief), for appellee.

Before HOOK, Circuit Judge, and ELLIOTT and YOUMANS, District Judges.

YOUMANS, District Judge. This is an appeal from a decree restraining and enjoining appellant, his agents, workmen, and employés, "from further making, using, or selling, or causing to be made, used, or sold, directly or indirectly, any portable vulcanizing device for tires contained in or embodying the invention patented in letters patent No. 1,057,911 dated April 1, 1913." The only question involved is one of fact, and that is whether the vulcanizing device patented by appellee was made, used, and sold by appellant prior to appellee's alleged invention.

The decree in the case of Adamson v. Shaler, 208 Fed. 566, decided in the United States District Court for the Eastern District of

Wisconsin was introduced by appellee. He also introduced the testimony of appellant in that case, together with the opinion of the District Judge. The decree in that case, following the opinion, sustained the patent, and enjoined Shaler from using or selling the device which was adjudged an infringement.

The testimony of appellee shows that the idea embodied in the patent assumed shape in his mind on the 19th day of August, 1911, on which day he made a drawing of the different parts constituting the vulcanizer, the subject of his patent. The appellant introduced testimony to the effect that as early as August 7, 1911, he had caused vulcanizer castings to be made in practically the same form as those set out in appellee's application for a patent, and that prior to the 19th day of August of that year appellant had sold vulcanizers embodying all the elements of appellee's patent. That testimony is not disputed in any essential particular. It contains no inherent improbabilities.

The lower court held that it was bound by the decree of the United States District Court for the Eastern District of Wisconsin, rendered in another case. The parties were entitled to a judgment based upon the facts as they were developed in this case. Those facts demonstrated beyond a reasonable doubt that the appellant used and sold a vulcanizer embodying all the features contained in appellee's patent, not only before the patent was issued, but even before the idea became definitely formed in appellee's mind.

Therefore the decree of the lower court must be reversed, with direction to dismiss appellee's bill.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes