GEORGE T. TURNER, et al., *Appellants* v. DANIEL T. UTLEY, et al., *Appellees.*

Division A.

Opinion Filed April 15, 1927.

1. Under Section 3120, Revised General Statutes, 1920, a counter claim pleaded in the answer of a defendant in a suit in equity must claim relief against the original complainant, or the matter set up therein must affect the rights of the original complainant. In addition, the cause of action pleaded in such counter claim must be of equitable cognizance and, as was the case with a cross bill, must set up matters arising out of or connected with the subject matter of the original bill and germane thereto, or must set out matter "arising out of the transaction which is the subject matter of the suit."

2. Extraneous matters constituting a distinct and independent cause of action, foreign to and not connected with or germane to the subject matter of the original bill, and not arising out of the transaction which is the subject matter of the suit, can not properly be pleaded by answer as a counter claim under the provisions of Section 3120, Revised General Statutes, 1920.

3. Suit in equity was brought by a municipality as complainant for the purpose of foreclosing a lien for special assessments against real property. There were joined as defendants one who purports to be the owner of the record title to the property and also others who claim title thereto under a tax deed. Complainant alleges, and the answering defendant who purports to own the record title does not deny that complainant's lien is superior to both titles. *Held,* that the claimant of the record title may not in that suit, by an answer embracing a purported counter claim, compel an adjudication as between himself and the claimant of the tax title, of the question as to which of those titles is paramount, when no affirmative relief is sought against the original complainant and its rights are not affected by the settlement of the controversy between the defendants over the title.

An Appeal from the Circuit Court of Pinellas County; Hon. M. A. McMullen, Judge.

Reversed and remanded.

*Whitaker, Himes & Whitaker,* of Tampa, for Appellants;

*Wm. G. King* and *J. Frank Houghton,* of St. Petersburg, for Appellees.

STRUM, J.—This appeal involves a question of procedure and turns upon a construction of Section 3120, Revised General Statutes, 1920. An understanding of the question at issue requires a statement of the facts and pleadings.

By bill in equity, the City of St. Petersburg, as complainant, sought the foreclosure of certain liens upon several parcels of real property located in that city, which liens, it is alleged, are based upon special assessments for paving and secure divers outstanding and unpaid certificates of indebtedness owned by complainant and which represent the cost of the paving.

The bill of complaint further alleges that the liens of the special assessments aforesaid are superior to all other liens, except liens for State and County taxes; that one H. C. Hayward claims to have obtained a tax deed to the lands involved, which tax deed is invalid and complainant's lien superior and paramount thereto for divers reasons assigned in the bill of complaint. Hayward and several other persons who are alleged to claim under him were made parties defendant. Other parties defendant are Daniel T. Utley and wife, who are alleged to be the owners, respectively, of the record title to the lands, and a contingent right of dower therein.

The bill prays for an accounting as to the amounts due complainant under said certificates of indebtedness; that the special assesssment liens securing the same be decreed to be superior to the alleged tax title of Hayward and his privies; that the tax deed to Hayward be decreed to be invalid; that complainant's liens for special assessments be foreclosed and that in default of payment of the amounts secured thereby that the lands involved be sold.

Hayward and his privies demurred to the bill. So far as this record discloses, the demurrer has not been disposed of.

Utley and wife answered the bill. Their answer avers that Daniel T. Utley "is the owner in fee simple" of the lands involved. The answer further sets out the claims of ownership asserted by Hayward and his privies based upon the tax deed already referred to, and avers such tax title to be void for divers reasons enumerated in the answer, which are substantially the same as those assigned against the validity of the tax deed by the complainant. The answer further avers that since Hayward and his privies own no interest in the lands, they "are not entitled to participate in any surplus of proceeds of sale arising in this cause upon a sale of said premises," but that Utley is solely

entitled to receive the same.    The answer concludes with
the following prayer:

"WHEREFORE, these defendants pray that the Court
adjudge and decree:

1.    That the defendant, Daniel T. Utley, is the sole
owner in fee simple of all the land and premises in the bill
of complaint described, subject only to the claim of the
complainant herein.

2.    That none of the defendants herein, except the de-
fendant, Daniel T. Utley, have any right, title or interest
in the lands described in the bill of complaint nor any
part thereof.

3.    That any and all surplus arising upon the sale of the
premises under decree in this cause be by the Court decreed
the property of said defendant, Daniel T. Utley, and be
ordered paid to him.

4.    For such other and further orders, decree and relief
in the premises as will fully preserve and protect the rights
and interest of said Daniel T. Utley, and as equity may
require."

A copy of said answer was served upon the attorneys
for Hayward and his privies, but apparently no copy was
served on the complainant, the City of St. Petersburg.

After a lapse of more than twenty days since the filing
of the answer of Utley and his wife, no reply thereto
having been filed by their co-defendants Hayward and his
privies, against whom said answer purported to\ seek cer-
tain affirmative relief as indicated by the prayer appended
to said answer, Utley and his wife moved for a decree *pro
confesso* against Hayward and his privies "for failure to
reply to the answer of your petitioners (Utley and wife) as
by statute in such cases made and provided."

Hayward and his privies filed written objections to the
entry of the decree *pro confesso*.

The chancellor's ruling was as follows:

"* * * The Court being of the opinion that the said answer sets up an alleged counter claim which the remaining defendants are required to reply to, in default of which a decree *pro confesso* may be entered, but the Court being of the opinion that leave should be allowed to the said defendants to file said reply,—

IT IS NOW, THEREFORE, ORDERED, ADJUDGED, and DECREED that said application for the entry at this time of a decree *pro confesso* be denied, and that the defendants to this suit other than Daniel T. Utley and wife are hereby required within twenty days from this date to file a reply to the counter claim set forth in the answer of the defendants Daniel T. Utley and wife. * * *".

This appeal was taken by Hayward and his privies from the order just quoted, Utley and wife being made parties appellee. The complainant City of St. Petersburg is not a party to the appeal.

The sole question involved in the appeal is whether or not the Chancellor erred in treating the answer of Utley and wife as a counter claim and in requiring appellants Hayward and privies, under penalty of suffering a decree *pro confesso* to be entered against them, to reply to said answer as such. The contention of appellant is that the matters set forth in the answer of Utley and wife do not constitute a counter claim, as contemplated by Sec. 3120, Rev. Gen. Stats. 1920, upon which a decree *pro confesso* may be entered in default of a reply, in that such matters neither set forth any grounds for relief against the complainant nor do they in any wise affect its rights in the suit, nor are such matters related to or connected with the subject matter of the bill of complaint.

Our present statutes relating to answers in chancery (Sections 3118-3123, Rev. Gen. Stats., 1920) were adopted from the New Federal Equity Rules of 1912 (Rules 30 and

31), which in turn are founded upon the English Rules on that subject (See Order XIX, Rules 2 and 3) adopted pursuant to the English Judicature Act of 1873.

Substantially all authoritites hold or concede the proposition that, *prima facie,* a defendant is entitled to seek by way of counter claim against the complainant, severally, or against the complainant and co-defendant or other person jointly or in the alternative, any appropriate relief cognizable in a court of equity which such defendant might have claimed in an action brought by himself against the complainant, or against the complainant and such other persons, respectively, although such defendant can not join a third person to be a joint counter complainant with himself in a counter claim against the original complainant or against such complainant and a third person. See Johnson, v. Johnson, 107 South. Rep. 342.

Under our present statutes, a counter claim may seek relief either against the original complainant solely, or against the complainant and other persons, regardless of whether the latter be or be not already parties to the action; but, in either event, in order to constitute a counter claim relief must be claimed against the original complainant or the matters set up must affect the original complainant's rights. See Daniels' Chancery Practice (English) 8th Ed. (1914) p. 44, *et seq.*

Upon the question of whether or not it is essential that there be some connection between the subject matter of the counter claim and of the original bill there is a diversity of opinion, even amongst the Federal Courts, in construing Federal Equity Rules 30 and 31. Some Federal Courts have adopted the so-called rule of "liberal construction" which rests upon the view that the words "must" and "may" as used in Federal Equity Rule 30, (being the same language used in Sec. 3120, *supra.*), are there used in contradistinction to each other and that it is the inten-

tion and effect of the rule to *require* the defendant to set out in his answer any counter claim arising out of the subject matter of the original bill, but that it is left to the *choice* of the defendant whether other equitable causes of action against the complainant not arising out of the subject matter of the original bill shall be interposed by way of counter claim or set off or shall be prosecuted by independant bill, it being allowable under the "liberal construction" of the rule to present such independent cause of action by counter claim in the answer, so long as they constitute matters of equitable cognizance. An intimation that the Supreme Court of the United States tends toward the so .called "liberal construction" is found in American Mills Co. v. American Surety Co., 260 U. S. 360, 67 Law, Ed. 306.

This question, however, has recently been settled by this Court by the adoption of the so-called rule of "strict construction."

Speaking through Mr. Justice BROWN, in the case of Lovett, *et al.* v. Lovett, *et al.*, decided at the January Term, 1927, opinion filed on the 29th day of March, 1927, this Court has recently said:

"Liberal as the decisions both in this country and in England have been in giving to the counter claim a comprehensive force and effect, we think that in construing Sec. 3120 (*et seq*). as a whole, it recognizes the fundamental and cardinal principle that there must be some legal or equitable connection between the matters pleaded as a counter claim and the matters alleged in the original bill. * * * We do not think * * * that a defendant can, in an answer by way of counter claim, set up a matter constituting an entirely distinct cause of action foreign to and not connected in any way with the matters stated in the original bill. It (the counter claim) must set up matter arising out of or connected with the subject matter

of the original bill and germane thereto, as is the case with a cross bill, or it must, in the language of the statute, set out matter 'arising out of the transaction which is the subject matter of the suit.' "

This construction of the statute, it seems to us, is not only more consistent with the existing equity practice in this State, but will be productive of a more orderly and efficacious practice. In enacting Secs. 3120, *et seq. supra,* it was the broad purpose and intent of the Legislature to afford a simplified and expeditious method for presenting in the answer matters theretofore the subject of a cross bill. If Sec. 3120, *supra,* be constructed in the light of our former practice, which was grounded upon the principle that the scope of the ligitation is limited to the subject matter of the original bill and matters germane thereto, and in accordance with what we deem to have been the intent of the Legislature in passing it, there appears to be no good reason for placing upon that Section the so called "liberal construction." If the "liberal construction" is to obtain, in effect permitting a defendant to file, by way of counter claim, an original bill based upon extraneous matters, the result would be that the defendant could fully answer all the complainant's original causes of action, but the original complainant could not usually assert his right, if any, to affirmative relief against a defendant's original and extraneous cause of action set up by way of counter claim, without undue prolixity of pleading and a hopeless confusion of issues, if indeed it could be done at all. See Adamson v. Shaler, 208 Fed. 566. See also Sydney v. Mugford Printing Co., 214 Fed. 841.

As was pointed out in Adamson v. Shaler, *supra,* under the "liberal construction" a complainant might bring suit to foreclose a mortgage, and the defendant mortgagor might in that suit set up by counter claim a cause of action for specific performance of a contract wholly unrelated to

the subject matter of the original bill. This litigation might be indefinitely protracted, and complainant indefinitely postponed in the enforcement of his original right of action, and all manner of equitable controversies foreign to the complainant's equitable demand might be injected into the suit.

Besides our recent case of Lovett, *et al.* v. Lovett, *et al.*, *supra,* the following Federal cases fully support the so called "strict construction" adopted in this State. Ohio Brass Co. v. Hartman Elect. Mfg. Co., 243 Fed. 629; Klauder Weldon Dying Mach. Co. v. Giles, 12 Fed. Rep. 452; Williams Patent C. & P. Co. v. Kinsey Mfg. Co., 205 Fed. Rep. 375; Terry Steam Turbine Co. v. Sturtivant Co., 204 Fed. Rep. 103; Adamson v. Shaler, 208 Fed. Rep. 556; Atlas Underwear Co. v. Cooper Underwear Co., 210 Fed. Rep. 347; Sydney v. Mugford Printing & Eng. Co., 214 Fed. Rep. 841; Christenson v. Westinghouse Traction Brake Co., 235 Fed. Rep. 898; United States v. Woods 223 Fel. Rep. 316; Looney v. Thorpe Bros., 277 Fed. Rep. 367.

Even the courts which have adopted the "liberal construction" have not extended the rule to counter claims the subject matter of which is so incongruous as to be incapable of trial with the original suit. See Buffalo Specialty Co. v. Van Cleff, 217 Fed. 91.

There is a plain distinction between a defense and a counter claim. Although the same facts may constitute both a defense and a ground for counter claim, a defense can not be converted into a counter claim merely by attaching a prayer for relief. 25 Am. & Eng. Ecyc., of Law 568.

Tested by the rule announced in Lovett, *et al.* v. Lovett, *et al.,* and herein, it is apparent that in so far as the matter set up in the answer of Utley and wife are pleaded for the purpose of ultimately determining which of the defendants are entitled to receive any surplus of moneys arising from a

sale of the premises after paying complainant's demands, such matters are responsive to the bill, though that matter may also be otherwise presented. In that respect, they do not constitute a counter claim. But in so far as such matters are pleaded for the purpose of compelling, in this suit, an adjudication of title to the land as between Hayward and his privies, who claim the tax title, and Utley, who claims the record title, such matters depart from the legitimate sphere of operation of a counter claim. A court of equity might have the *power* in a foreclosure suit to adjudicate a controversy wholly between the defendants as to their respective claims of title. but to do so over the timely objection of one of such defendants is error. See Malone v. Meres, 109 South. Rep. 677.

The views here expressed are also conformable to the rule in this jurisdiction under our chancery practice obtaining prior to the adoption of Sec. 3118, *et seq., supra.* See Brown v. Atlantic etc. Loan Association, 46 Fla. 492; 35 South Rep. 403; Pearson v. Helvenston, 50 Fla. 590; 30 South. Rep. 695, wherein it was held that where, as with us, a tax sale of mortgaged premises and a deed based thereon carries the fee and not merely the equity of redemption, and extinguishes all prior interests, liens and encumbrances, the better rule is that the validity of claims of such paramount title can not properly be litigated in a foreclosure suit, the legitimate scope of which is merely to enforce the mortgage lien against the title or interest of the mortgagor and those claiming under him.

No question of fraud in the procurement of Hayward's tax deed is involved in this suit, as was the case with the tax deed involved in Buffrem v. Lytle; 66 Fla. 355; 63 South. Rep. 717. Furthermore, in that case, the contention of the holder of the tax deed was presented by way of answer as a defense to the foreclosure, and not by counter claim. In that case, also, this Court referred with approval

to the impropriety of bringing into foreclosure suits the holder of an independant tax title and observed that "the bill and the proofs now before us show clearly that E. J. Lytle (who claimed to hold the tax deed) occupied no such relation", that is, the relation of a holder of an independent tax title.

The subject matter of the answer of Utley and wife, insofar as it purports to afford a basis for the affirmative relief sought by them against Hayward and his privies, is not only extraneous and unrelated to the subject matter of complainant's bill, but undertakes to present issues which do not purport to affect complainant's rights, nor does the answer seek any affirmative relief against the complainant. As a counter claim, the answer is therefore clearly untenable.

The Chancellor was therefore in error in requiring the defendants Hayward and his privies to reply to the answer of Utley and wife as a counter claim, and appellants having seasonably objected, the order appealed from must be and is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.