GEORGE W. HENDRICKS and his wife, NINA G. HEN-DRICKS, and JENNIE LOU HALSTEAD, v. PEARL M. WILLIAMS, and ERNEST WILLIAMS, her husband, CITY OF JACKSONVILLE, a municipal corporation, and SARA HENDRICKS DILL and her husband, MASON DILL.

9 So. (2nd) 923                               Division A
October 9, 1942

E. K. McIlrath, for petitioner.

John R. Adams, for respondent, City of Jacksonville, L. R. Milton, for respondents, Pearl M. Williams and Ernest Williams, her husband and Claude Smith, Jr., for respondents, Sara Hendricks Dill, and her husband, Mason Dill, respondents.

BUFORD, J.:

On petition for certiorari under our Rule No. 34 applicable to interlocutory orders, we review order of the chancellor wherein motions to strike counter-claim and to dismiss counter-claim were denied.

The suit was by bill in equity to foreclose certain alleged tax liens and improvement liens on certain described lands. The suit is in rem as no personal liability attaches. The City of Jacksonville, a municipal corporation, was plaintiff and the defendants named were Pearl M. Williams and Ernest Williams, her husband, George W. Hendricks and his wife Nina G. Hndricks, Jennie Lou Halstead, a widow, Sara Hendricks Dill and Mason Dill, her husband.

It was alleged that Pearl M. Williams is the owner of a life estate in, and that George W. Hendricks, Jennie Lou Halstead and Sara Hendricks Dill are the owners in fee simple, subject to the life estate of the said Pearl M. Williams, of a certain parcel of land described in the bill of complaint.

The bill seeks to foreclose municipal ad valorem tax liens as well as certain improvement liens.

The answer of Pearl M. Williams and her husband Ernest Williams in effect admits the allegations of the bill, except that they deny that the plaintiff has

a lien for the improvement made on the east half of the lot described.

Then the said Pearl M. Williams and her husband Ernest Williams attempt to set up counter-claim against the defendants George W. Hendricks, Jennie Lou Halstead and Sara Hendricks Dill and her husband Mason Dill. The City of Jacksonville is not made a party to the counterclaim. It is therein averred:

"1. That James H. Hendricks died April 22, 1938, and was survived by this counter-claimant, Pearl M. Hendricks, now Pearl M. Williams, as his widow, and the following children; George W. Hendricks, Jennie Lou Halstead, a widow, and Sara Hendricks Dill; that the said James H. Hendricks, at the time of his death, was the owner of the land described in paragraph 1 of bill of complaint; that the said James H. Hendricks and this counter-claimant Pearl M. Hendricks, now Pearl M. Williams, were residing upon said land as their home, and had so resided for many years prior to his decease, and said property was the homestead of the said James H. Hendricks.

"2. That said land has a frontage of 100 feet on Flagler Street, and is improved with a two-story frame dwelling and outhouses. Said dwelling fronts on Flagler and is known as 1420 Flagler Street. Said lot is bounded on the South by Dorel (formerly College) Street. The frontage on Dorel Street is approximately 360 feet. Said lot is bounded on the West by Belmonte (formerly Palmetto Street) Avenue, and the frontage on that Avenue is 100 feet. There are no improvements on the West Half of said lot.

"3. The tax mentioned in paragraph 3 of the bill of complaint is for the year 1936, and said tax was a

lien against said lot at the time of the death of the said James H. Hendricks.

"4. The paving lien mentioned in paragraph 4 of bill is not for paving Mary Street, but is for paving Belmonte Avenue, formerly Palmetto Street. Said paving lien is numbered 111, and the amount claimed in the bill of complaint is the balance owing on said paving, which became a lien against the western one-half of said lot on or about February 10, 1923, and was an existing lien at the time of the death of the said James H. Hendricks; that said paving lien is on a street at the rear of the dwelling on said land, and is more than 150 feet distant from the improvement, and said paving is of no benefit to the counter-claimant as life tenant, and should be paid by the children herein-above mentioned, who own said property subject to the life estate of this counter-claimant.

"5. That the side walk lien mentioned in paragraph 5 is on said Belmonte Avenue, formerly Palmetto Street, which Avenue as above set forth is more than 150 feet distant from the dwellings on the east half of said lot; that said sidewalk is of no benefit to this counter-claimant, as a life tenant, and should be paid by said children who own said property as hereinabove set forth, subject to the life estate of this counter-claimant.

"6. That this counter-claimant admits she should pay all taxes assessed against said property beginning with the year 1939; that the counter-claimant has offered to pay such taxes but the City Treasurer of the plaintiff will not permit her to pay the taxes unless the installments on said improvement liens are also paid."

The prayer is as follows:

"1. That the said children of the said James H. Hendricks, shall be required to pay the taxes assessed against said property for the year 1936.

"2. That an accounting shall be taken and this Court shall determine the amount owing as taxes against said property for the years 1939 and 1940, and the amount owing on said improvement liens; that this counter-claimant hereby offers to pay the taxes for said years, and that a decree shall be entered against the said children of the said James H. Hendricks requiring them to pay for said improvement liens.

"3. That if the children of the said James H. Hendricks shall not pay the amount that shall be found owing on account of said improvement liens, that the west one-half of said lot be sold to satisfy such liens.

"4. That the said children of the said James H. Hendricks shall be required to pay all Court costs in this cause, and also such fee as may be allowed the solicitor of record for the said plaintiff."

Petitioner has stated five questions for our consideration, as follows:

"1. May one or more of the defendants in a land lien foreclosure suit file counter-claim against one or more of the other defendants where (a) no relief in the counter-claim is sought against the original plaintiff in the suit, or where (b) original plaintiff in the suit is not a party to the counter-claim?

"2. Is a counter-claim brought by married woman life tenant against remaindermen with respect to the interests of both in premises subject to life estate properly brought by said married woman's husband, acting as her next friend?

"3. May a life tenant have specific performance against remaindermen for the payment of taxes on premises subject to the life estate in the absence of any express agreement on the part of the remaindermen to pay said taxes although by law the interest of the remaindermen may be subject to such taxes?

"4. Is the life tenant entitled to relief against remaindermen with respect to taxes upon the premises which is subject to the life estate without first having paid such taxes merely because the official tax collector refuses to accept taxes from the life tenant and without showing by some proper allegation that the official tax collector's refusal was a bona fide refusal recognized in law?

"5. Is a life tenant entitled to relief against remaindermen with respect to taxes upon the premises which is subject to the life estate, without first having paid such taxes, even though the interest of the remaindermen in the premises is subject to such taxes."

In Turner, et al., v. Utley, 93 Fla. 910, 112 Sou. 837, we said:

"The subject matter of the answer of Utley and wife, insofar as it purports to afford a basis for the affirmative relief sought by them against Hayward and his privies, is not only extraneous and unrelated to the subject matter of complainant's bill, but undertakes to present issues which do not purport to affect complainant's rights, nor does the answer seek any affirmative relief against the complainant. As a counterclaim, the answer is therefore clearly untenable. The chancellor was, therefore, in error in requiring the defendants Hayward and his privies to reply to the answer of Utley and wife as a counter-claim, and appellants having seasonably objected, the order ap-

pealed from must be and is hereby reversed and the cause is remanded for further proceedings consistent with this opinion."

Mr. Kooman in his work "Florida Chancery Pleading and Practice," referring to Sec. 35 of 1931 Chancery Act, says:

"Under this statute a defendant may seek relief against either the original plaintiff solely, or against the original plaintiff and other persons, regardless of whether the latter are or are not already parties to the action. But, in either event, in order to maintain a counter-claim, relief must be claimed against the original plaintiff or the matters set up must affect the original plaintiff's rights. Thus, a junior mortgagee who is a party defendant in a suit to foreclose a first mortgage, cannot maintain a counterclaim to foreclose his junior lien."

See also Lovett v. Lovett, 93 Fla. 611, 112 So. 768.

The matters set up in the counter-claim concern only the parties defendant and the plaintiff in the court below has no interest whatever therein; nor can its rights be affected by the alleged rights of the parties defendant. The rights of the plaintiff accrue from the taxing power. The alleged rights of the parties to the counter-claim accrue (if at all) from their relationship created by their muniments of title.

It would not be in accordance with equity and good conscience to permit defendants to delay the prosecution of plaintiff's suit while they litigated rights amongst themselves in which the plaintiff has no interest, and which cannot affect the plaintiff's right to relief.

The motion to strike the counter-claim should have been granted. Having reached this conclusion, it is

not necessary to discuss the other questions presented in the brief.

Certiorari is awarded and the challenged order is quashed and the cause remanded for further proceedings.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.