**P. W. WILKINS AND COMPANY, a corporation, et al., v. MARGARET K. STOER, et al.**

26 So. (2nd) 662                 January Term, 1946
March 26, 1946                        En Banc
Rehearing denied July 12, 1946.

*Futch & Futch* and *J. W. Hunter,* for appellants.

*Gorman & Hamlin* and *Tim M. Sellar,* for appellees.

SEBRING, J.:

On October 16, 1941, P. W. Wilkins and Company, a corporation, made its real estate mortgage to C. H. Stoer. At the same time Genevieve Wilkins, who was the owner of certain tax certificates issued against the lands covered by the mortgage, assigned them to C. H. Stoer. On April 11, 1942 P. W. Wilkins and Company, the mortgagor, entered into a contract to sell a portion of said lands to J. C. and T. L. Bailey. Thereafter, on May 7, 1942, Stoer assigned the mortgage to Margaret K. Stoer, his mother. Subsequently, on October 14, 1942, P. W. Wilkins and Company conveyed all lands embraced in the mortgage, with the exception of those previously contracted to be sold to the Baileys, to C. H. Stoer, the original mortgagee.

On March 24, 1944, the mortgage then being in default, Margaret K. Stoer filed suit to foreclose the same, naming as party defendants P. W. Wilkins and Company, P. W. Wilkins, Genevieve Wilkins, J. C. Bailey, T. L. Bailey and C. H. Stoer. As to the interest of the Baileys sought to be foreclosed, the bill of complaint alleged that on April 11, 1942 P. W. Wilkins and Company had entered into a certain agreement to sell a portion of the lands encumbered by the mortgage to the Baileys but that said contract was executed and delivered after the recordation of plaintiff's mortgage and hence all interests or claims arising by virtue of such agreement were inferior and subordinate to the plaintiff's mortgage lien.

In due course all parties defendant filed answers of such a nature as virtually to admit the equities claimed in the bill of complaint. Incorporated in a joint answer filed by the Baileys was a counterclaim directed to the co-defendant, P. W. Wilkins and Company, seeking an adjudication of the counterclaimants' rights under the contract of sale as against P. W. Wilkins and Company, the vendor. The prayer of the counterclaim is for an accounting between the defendants,

J. C. Bailey and T. L. Bailey and P. W. Wilkins and Company as to sums of money paid on the agreement, and that the court on such accounting decree what money, if any, is due and owing by the Baileys to entitle them to a deed; that in the event the mortgaged property be sold under a mortgage foreclosure decree, the court determine the rights and equities of all parties to the proceeds; that in the event of the sale of the property and such sale shall not realize a sum sufficient to pay the sums due the plaintiff and the Baileys shall not receive title to the lands described in their contract, then that the Baileys have judgment against P. W. Wilkins and Company for moneys due them by reason of the failure of P. W. Wilkins and Company to carry out its agreement to convey title to the land covered by the contract. The plaintiff was not made a party to the counterclaim.

A copy of the counterclaim was served on the defendant, P. W. Wilkins and Company and thereafter the corporation filed its reply to the counterclaim. In the reply P. W. Wilkins and Company denied that it was in default in regard to carrying out its terms of the contract, and averred that the Baileys had forfeited all rights under the contract by failure to carry out on their part certain conditions agreed by them to be done and performed.

The cause came on to be heard before the chancellor on September 11, 1944, and testimony was taken before the court on that and subsequent dates. At no time prior to the completion of the testimony did the plaintiff, or any other party to the suit, move to strike the counterclaim for any reason. At the completion of the testimony P. W. Wilkins and Company entered an oral motion to dismiss the counterclaim upon the ground that the statutes and rules governing procedure in chancery do not permit the maintenance of a counterclaim by one defendant against another defendant in the same cause, unless the counterclaim be also against the plaintiff and arises out of the transaction which is the subject matter of the suit, or which might be the subject of an independent suit against the plaintiff.

The chancellor denied the motion and entered a final decree. The decree in addition to foreclosing the mortgage

held by Margaret K. Stoer adjudicated that the mortgage was a lien superior to the tax certificate which had been assigned by Genevieve Wilkins to C. H. Stoer; that the contract between P. W. Wilkins and Company and the Baileys was in full force and effect; that P. W. Wilkins and Company had failed and refused to carry out and perform its contract with the Baileys by securing a release of the lands from the operation of the mortgage and by a tender of a deed; that the Baileys had paid P. W. Wilkins and Company the sum of $2,445 on the contract; that the Baileys were entitled to possession of the lands and the rentals thereof as against P. W. Wilkins and Company from and after the date of the contract. In the decree the court also retained jurisdiction for the purpose of further adjudicating the equities in the Bailey counterclaim not by the final decree already adjudicated.

P. W. Wilkins and Company has taken an appeal from the decree and assigns as error the action of the chancellor in giving consideration to and adjudicating the purported counterclaim of the defendants J. C. Bailey and T. L. Bailey.

While it has been thoroughly established by the decision of this jurisdiction that where an utterly foreign subject matter is injected into an equity suit by way of counterclaim filed by one defendant against another the court will strike the pleading upon objections timely filed by any party to the cause, it by no means follows that a chancellor will be held in error for entertaining such a claim when parties make no objection to the procedure and the subject matter is one of equitable cognizance. See Sec. 63.35 Florida Statutes, 1941; Lovett v. Lovett, 93 Fla. 611, 112 So. 768; Turner v. Utley, 93 Fla. 910, 112 So. 837; Hendricks v. Williams, 151 Fla. 538, 9 So. (2nd) 923, for rule relating to counterclaims. For although the statute recognizes as a proper counterclaim only one which claims relief against the original plaintiff, or one in which the matter set up affects the original plaintiff's rights, the statute contains no outright jurisdictional proscription against the injection into the suit by the defendants of an equitable issue between themselves, even though it may be entirely foreign to the subject matter of the bill of complaint, so long as all persons interested, including the chancel-

lor and the plaintiff, are in agreement that the issue should be litigated and decided.

As appears from the transcript in the case at bar, the plaintiff never at any time objected to the filing of the counterclaim nor sought to have it stricken. The defendant, P. W. Wilkins and Company, was content to litigate the issue raised against it by the counterclaim, for it filed its reply thereto and introduced considerable testimony at the hearing. The chancellor in the exercise of his discretion allowed the contest between the defendants to proceed—for the reason, no doubt, that he felt that by so doing, the respective rights of the defendants to any overplus realized from the sale of the property under a foreclosure decree might be determined. It was only after the testimony had been taken and the chancellor had made certain observations to counsel tending to indicate that he intended ruling in favor of the Baileys and against P. W. Wilkins and Company that the latter, for the first time, interposed the oral objection that the counterclaim was not in accordance with authorized statutory procedure.

The subject matter of the counterclaim was of equitable cognizance and was such that a court of equity might have entertained it in an independent suit between the contracting parties. The testimony taken before the chancellor on the issue sustains his findings as to the relative rights and obligations of the parties to the contract. The court below has ordered the property sold under the foreclosure decree entered in favor of the original plaintiff, but has retained jurisdiction of the parties and the cause for the purpose of completely disposing of the issue between the defendants on the counterclaim, and of disposing of any overplus realized at the sale. Although the procedure followed may not be in exact accordance with accepted chancery procedure we are of the view that under the circumstances defendant, P. W. Wilkins and Company has not been prejudiced thereby. Consequently it may not now complain of an order which at most constituted harmless error. Irregularities in chancery practice committed at the instance of a party and by his consent are not available to reverse a final decree entered against him, unless they are of such jurisdictional nature that they may not be

waived. See Thompson v. Kyle, 39 Fla. 582, 23 So. 12; Lovett v. Lovett, 93 Fla. 611, text 649, 112 So. 768; Borst v. Gale, 99 Fla. 376, 126 So. 290.

We have considered other assignments of error but shall not trouble to discuss them, as we find them to be without merit.

The decree appealed from should be affirmed.

It is so ordered.

BROWN and ADAMS, JJ., concur.

BARNS, Circuit Judge, concurs specially.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., dissent.

BARNS, Circuit Judge, concurring specially:

The 1931 Chancery Act, 63 F.S. 1941, was remedial in its purpose and should be liberally construed. The purpose and intent was not to grant power, but to regulate and liberalize the exercise of existing power conferred by the constitution. Its purpose was to remove some of the rigidity of the procedure in the furtherance of simplification.

Speaking generally, the statutory counterclaim under 63.35 F.S. 1941 should lie under the circumstances that a cross-bill would lie under the general equity jurisprudence.

"A 'cross-bill' strictly speaking, is one brought by a defendant in an equity suit against the complainant in the same suit, or against other defendants in the same suit, touching the matters in question in the original bill." Osius v. Barton, 109 Fla. 556, 147 So. 862.

The case of Miles et al. v. Miles et al., 117 Fla. 884, 158 So. 520, was a suit for partition, and one holding a mortgage filed a counterclaim under Section 35 of the 1931 Chancery Act seeking foreclosure, and the court held:

"Appellant contends that the decree of foreclosure could not be entered on the counterclaim contained in the answer of Ocie May Hardie filed in the partition suit. This position is not tenable because under section 35 of 1931 Chancery Practice Act counterclaim may be interposed by any defendant where such defendant has a cause of action against other parties to the suit which would constitute valid basis for an

original suit against all the parties then before the court, and under section 31 of the 1931 Chancery Practice Act, a plaintiff may join in one bill as many causes of action cognizable in equity as he may have against the defendants."

" . . . By pursuing this course the court could without multiplicity of suits adjudicate the several rights of all parties in the one suit."

See also Florida State Finance Company v. Lamar Land Company, 124 Fla. 282, 168 So. 246.

The counterclaim was not against all parties then before the court as stated in Miles v. Miles, supra, but only against co-defendants. There would be no reason to deny relief merely because his claim is against less than all.

The maxim that in the construction of statutes the "mention of one is the exclusion of other," when applied to remedial statutes will often defeat and frustrate the legislative intent. When laws are passed partially dealing with a subject matter of great scope the maxim *expressio vnius est exclusio alterius* should be cautiously applied in order not to defeat the very purpose of such law.

Section 63.35 F.S. 1941 does not prohibit a counterclaim by one defendant against co-defendants. It ought to lie under the circumstances that a cross-bill would lie, but of course subject to the limitations on cross-bills and counterclaims. The legislative purpose was to liberalize and not restrict.

One objective in equity jurisprudence is to do complete justice between all the parties relative to matters touching the litigation in order to avoid multiplicity of suits. Another is to speedily administer justice.

When a plaintiff institutes a suit it is the duty of the chancellor to see to it that the interests of the original plaintiff are not unreasonably delayed on account of a controversy between two defendants. All doubts should be resolved in favor of the original plaintiff.

The practice on hearing on cross-bills would be applicable to counterclaims.

"After both causes are at issue, or in a situation to be heard, the complainant in a cross suit may have an order that they be heard together; but the delay of the complainant

in the cross suit will not be permitted to delay the hearing of the original cause. It is not, however, absolutely necessary that the original bill and cross bill be heard together. . . . Where, upon a hearing of the whole case, the matter presented by the original bill is not ready to be disposed of, but that presented by the cross bill is ready, and is so remotely connected with the original cause as to admit of full determination without affecting the original cause, a decree can be entered on the cross bill, and the original cause held open for further adjudication." Fletcher—Equity Pleading and Practice. 970.

The chancellor very properly adjudicated the legal status of the parties to the counterclaim and retained jurisdiction for enforcement of counter-claimants' rights.

BUFORD, J. dissents:

This was a mortgage foreclosure suit. From final decree in favor of plaintiffs, defendants have appealed. In the court below J. C. Bailey and T. L. Bailey were made parties defendant to the bill to foreclose the mortgage because, as it was alleged, they claimed some right, title or interest in and to the lands involved in the foreclosure. In their answer they incorporated a counter-claim against P. W. Wilkins & Company, one of the defendants. P. W. Wilkins & Company answered the counter-claim but later, after the taking of testimony and before decree, moved to dismiss the counterclaim, which motion contained the following grounds:

"1. The evidence and proof fail to show any connection between the claim set up in the so-called counterclaim and the mortgage which is the subject matter of this suit, and fail to show that it in anywise grew out of or is a result of the mortgage which is the subject matter of this suit.

"2. Because the so-called counterclaim is not properly connected in any manner with the subject matter of this suit in such a way as to permit one defendant to maintain a counterclaim against another defendant in the same suit.

"3. Because the statutes and rules governing procedure in chancery do not permit or in any wise provide for the maintenance of a counterclaim on the part of one defendant against a fellow defendant in the same cause of action."—and

in the final decree the court adjudicated issues presented by the counter claim.

The appellant presents only three questions for our consideration. They are:

"(1) Does the record reveal such a design, conspiracy and unconscionable conduct by the plaintiff, Margaret K. Stoer, and the defendants C. H. Stoer and J. C. Bailey and T. L. Bailey to deprive the defendant P. W. Wilkins and Company of its right to redeem as to strip the bill of equity and good faith and deprive the plaintiff of her right to foreclose in these proceedings?

"(2) Should the court have adjudicated the counterclaim of two of the defendants (J. C. Bailey and T. L. Bailey) asserted solely against another defendant (P. W. Wilkins and Company)?

"(3) Were J. C. Bailey and T. L. Bailey entitled to possession of the land and to all rents, issues and profits thereof after the date of their contract to purchase from P. W. Wilkins and Company?"

We find reflected in the record no sufficient evidence of any design, conspiracy or unconscionable conduct on the part of the plaintiff and certain defendants named to deprive P. W. Wilkins and Company of its right to redeem as would result in stripping the bill of equity and good faith and deprive the plaintiff of her right to foreclosure of the mortgage.

Questions Two and Three apply to the propriety of the counter claim and the right of the counter-claiming defendants to any relief thereunder. Our conclusion is that the counterclaim should have been dismissed on motion made.

Counterclaim is a statutory remedy. The statute in this regard is Section 63.35 Fla. Statutes, 1941 (same F.S.A.) and is as follows:

"(63.35) (1). "WHEN COUNTERCLAIM MUST BE STATED IN ANSWER. The answer must state, in short and simple form, any counterclaim arising out of the transaction which is the subject matter of the suit, and may, without cross-bill, set out any counterclaim against the plaintiff which might be the subject of an independent suit in equity against him; and such counterclaim so set up shall have the same ef-

fect as a cross-suit, so as to enable the court to pronounce a final decree in the same suit on both the original and cross-claim."

In Hendricks et al. v. Williams et al., 151 Fla. 538, 9 So. (2nd) 923, we held:

"Under statute, a defendant may seek relief by counter-claim either against an original plaintiff solely or against original plaintiff and other persons, regardless of whether the latter are already parties to the action, but, in either event, relief must be claimed against original plaintiff, or matters set up must affect original plaintiff's rights." See also Turner et al. v. Utley, 93 Fla. 910, 112 So. 837; Lovett v. Lovett, 93 Fla. 611, 112 So. 768.

Supporting our holding, we quote Mr. Kooman in his work, Florida Chancery Pleading & Practice, referring to Sec. 35 of 1931 Chancery Practice Act.

So the decree should be affirmed insofar as it pertains to the foreclosure of the mortgage but should be reversed insofar as it attempts to adjudicate the issues raised by the counterclaim and the cause should be remanded with directions to the court below to modify the final decree by striking therefrom adjudication of the issues raised by the counterclaim and to dismiss the counterclaim, without prejudice, however, to the counter-claimants to proceed as they may be advised in independent suit or action on the alleged counterclaim.

CHAPMAN, C. J., and TERRELL, J., concur.