67 So.2d 235 (1953)
STARK et ux.
v.
MARSHALL et al.
Supreme Court of Florida, Special Division A.
September 11, 1953.
Coe & Coe, Pensacola, for appellants.
James B. Watson, Pensacola, for appellees.
SEBRING, Justice.
Disk S. Frayer and Jessie B. Frayer, his wife, instituted a suit against Freddie Stark and Dora Lee Stark, his wife, to obtain a declaration of their rights in respect to a lot of land owned by the plaintiffs. The complaint alleged that Frayer and wife were the owners and in possession of a portion of lot 2 and all of lots 3 and 4 of block 3 in a subdivision known as Pinellas Point; that Stark and wife were the owners and in possession of lot 5 of block 3 of said subdivision and are in the process of constructing a home thereon; that the boundary line between said lots 4 and 5 is a common boundary line dividing the properties of the plaintiffs and defendants; and that the exact location of the boundary line on the ground is in dispute between the parties. The prayer of the complaint was that the court render a decree establishing the true location of the *236 boundary line and requiring the defendants to return to the plaintiffs any portion of lot 4 of which the defendants might be unlawfully possessed.
Stark and wife moved to dismiss the complaint on the ground that the suit constituted an attempt by an equity proceeding to effect a recovery available only in ejectment. Subject to the motion to dismiss, the Starks filed an answer in which they admitted that the boundary line was in dispute and prayed that, if the bill was not subject to dismissal on the ground stated in their motion, the true boundary line be established in accordance with the contentions of the defendants.
Subsequently, the Starks amended their answer by striking therefrom their prayer and by adding to their answer a counterclaim and an amended prayer as follows: "* * * these defendants * * * aver that the plaintiffs have clouded the title to the property owned by them * * * by averments and claims of ownership of the portion from the boundary thereof * * * and that they are entitled by way of relief upon this counterclaim to an adjudication of the actual location of said boundary at a place substantially to the east of the line contended for by the plaintiffs. That the location of the properties known as Lots 4, 5 and 6 is determined by the location of radial lines run by the maker of said plat from the common center and constituting the boundaries of each of the said lots and necessarily the relocation or movement of any one of said radial lines whose distance apart is definitely shown and established would compel the movement of the other. That R.G. Marshall and Verna Marshall * * * are the owners of Lot 6 * * * and are necessary parties to the determination of this counterclaim; wherefore defendants pray that the location of all of the said radial lines constituting the boundaries of said lot may be determined and permanently fixed, and in accordance with Equity Rule 35, [31 F.S.A.] they request process on this counterclaim against the said R.G. Marshall and Verna Marshall."
In due course R.G. Marshall and Verna Marshall moved to dismiss the counterclaim on the ground that it failed to state a claim for relief against them, in that the counterclaim failed to show wherein the defendants were either necessary or proper parties to the boundary dispute between the original plaintiffs and the original defendants, or how any boundary line of their lot adjoining the lot of the plaintiffs would or could be involved in the controversy between the original parties to the suit.
Subsequently the circuit court granted the motion to dismiss the counterclaim as to R.G. Marshall and Verna Marshall, and the original defendants Freddie Stark and wife took an appeal from this ruling.
We fail to find error in the order appealed from.
The complaint shows that the subject matter of the suit is a claimed dispossession of a strip of land owned by the original plaintiffs occasioned by the possession of the strip by the original defendants who owned lot 5, which lay immediately east of the land owned by the original plaintiffs. Therefore, it is apparent that the real purpose of the complaint was an attempt to litigate a boundary line dispute under the declaratory judgment statute, F.S.A. § 87.01 et seq., when a suit in ejectment was the appropriate remedy. This is not allowable. As the matter is stated in Bowden v. Seaboard Air Line R. Co., Fla., 47 So.2d 786, 787, a suit involving a similar issue, "* * * we cannot permit an unauthorized extension of the Declaratory Decree Statute to a point where it might be substituted for another normally appropriate action in the absence of a bona fide foundation for a declaratory decree as contemplated by Sec. 87, Florida Statutes, 1941, F.S.A. * * * Although our Declaratory Decree Act is broad in its scope and should be liberally construed in order to effectuate its purpose, it was never intended that it should supplant all other types of civil procedure known to our jurisprudence. * * *" *237 See also Coral Gates Properties, Inc. v. Hodes, Fla., 59 So.2d 630, and compare Doggett v. Hart, 5 Fla. 215. This reasoning is not applicable, of course, when the facts are such that ejectment will not lie, as in the case of a suit by one occupying land under a purported agreement of "boundary by acquiescence". Shaw v. Williams, Fla., 50 So.2d 125, 126.
The suit between the original parties being, in essence, a suit in ejectment, we cannot see how the Marshalls, who were brought in as defendants to the counterclaim filed by the original defendants in the suit, could be thought to be either necessary or proper parties to the litigation. While under our rules governing pleading a counterclaim may seek relief against the original plaintiff solely, or against the plaintiff and other persons, regardless of whether the latter are or are not already parties to the suit, it is plain that "in either event, in order to constitute a counterclaim, relief must be claimed against the original [plaintiff] or the matters set up must affect the original [plaintiff's] rights." Turner v. Utley, 93 Fla. 910, 112 So. 837, 839; Lovett v. Lovett, 93 Fla. 611, 112 So. 768.
Manifestly the relief claimed by the original defendants as against the defendants to their counterclaim was not as to a matter in dispute between the original plaintiffs and defendants, because the issue between the original plaintiffs and defendants was as to the true boundary line between their properties. Not having land abutting on that boundary, the Marshalls were not and could not have been involved in the controversy out of which this issue arose, any more than could have other owners of property whose lots were situated in the subdivision but whose boundary lines were not coincident with the boundary lines of the lands in dispute between the original parties. It has been held in proceedings to establish boundaries that a defendant cannot, under an allegation that if the boundary claimed by plaintiff is established his own will be so altered as to include land held by third persons, have the latter made parties to the suit. Duplessis v. Lastrapes, 11 Rob., La., 451. Such a conclusion would follow logically from the general rule on counterclaims as stated above, and is a necessary corollary of the principle that "where a party has no interest in the boundaries between the parties to the suit, the mere fact that the division line between his lot and that of one of the parties is incidentally involved does not make him a necessary or a proper party to the action." 11 C.J.S., Boundaries, § 101, page 686.
We hold that the ruling of the trial court was correct and hence that the order appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., TERRELL, J., and DAYTON, Associate Justice, concur.