99 So.2d 726 (1958)
PAN AMERICAN SURETY COMPANY, Appellant,
v.
JEFFERSON CONSTRUCTION COMPANY and Emanuel Electric Company, Inc., Appellees.
No. 57-205.
District Court of Appeal of Florida. Third District.
January 13, 1958.
Rehearing Denied February 7, 1958.
Jack Moore, Miami, for appellant.
Brunstetter, Netter & Buchmann, Miami, and Irving Schulman, Miami Beach, for appellees.
CARROLL, CHAS., Chief Judge.
The appellant seeks reversal of a money judgment rendered against it as surety on a sub-contractor's performance bond, in a law action in which one of the original defendants invoked third-party procedure and filed a cross-action against appellant and its principal, neither of whom were parties to the suit.
The so-called cross-action against the appellant was not in connection with a counterclaim against the original plaintiff, nor was it an incident to a cross-claim against any co-party in the original action.
Appellant's timely motion to dismiss was denied by the lower court, which action was assigned as error. The motion to dismiss should have been granted.
Rule 1.13(8), 1954 Florida Rules of Civil Procedure, 30 F.S.A., makes provision for joining additional parties in connection with a counterclaim (against a plaintiff) or on a cross-claim (against a co-party in the case). The Florida rule is similar to Rule 13(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Federal Rule 14 permits bringing in additional parties without need for a counterclaim or cross-claim against existing parties, which it designates as "Third-party Practice". That rule would have permitted what was done here. But the Florida Rules of Civil Procedure contain *727 no provision equivalent to Federal Rule 14 for such third-party practice.
Therefore, the court was without jurisdiction, in the case then pending before it, to entertain the third-party proceeding which resulted in the judgment appealed from. Cf. Hendricks v. Williams, 151 Fla. 538, 9 So.2d 923, 925. The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed
HORTON and PEARSON, JJ., concur.