ROGER A. BARKER, Associate Judge.
The appellant was the plaintiff below. This is an appeal from a summáry judgment entered in favor of the defendant.
This was a subrogation suit brought against a party alleged to have contracted to repair and maintain a water tower of the City of Boca Raton. The contract contained an indemnity agreement. One Jesse Mattef fell from the tower and was fatally injured and there resulted a suit against the city by his widow, referred to hereinafter as the Mattef case. The present suit is for attorneys’ fees, costs, and the cost of the settlement reached in the Mattef case.
In the Mattef case the city, which was the defendant, tried to bring in the appel-lee here as a third party defendant by including in its second amended complaint a cross complaint and an alternative cross-complaint. Appellee was not a party to that suit until brought in by the city. The claim upon which the cross-complaint and alternative cross-complaint were based was the same as the claim in the present suit. In the Mattef case the third party defendant filed a motion to- dismiss on the ground that the second amended cross-complaint and alternative cross-complaint failed to state a claim upon which relief could be granted. The court entered an order granting the motion to dismiss, but failed to actually dismiss the cross-complaint.
Motion for summary judgment was filed in the present case by appellee. On October 30, 1957, the court entered an order of summary judgment in favor of appellee on the grounds of res judicata, the court construing “such dismissal as being with prejudice and an adjudication of this case, pursuant to Rule 1.35(b) [30 F.S.A.]”. Petition for rehearing was denied after hearing, and this appeal was instituted.
In the case of Pan American Surety Company v. Jefferson Construction Compa *272 ny (District Court of Appeal, Third District), 99 So.2d 726, Judge Carroll wrote:
“Rule 1.13(8), 1954 Florida Rules of Civil Procedure, 30 F.S.A., makes provision for joining additional parties in connection with a counterclaim (against a plaintiff) or on a cross-claim (against a co-party in the case). The Florida rule is similar to Rule 13(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Federal Rule 14 permits bringing in additional parties without need for a counterclaim or cross-claim against existing parties, which it designates as ‘Third-party Practice’. That rule would have permitted what was done here. But the Florida Rules of Civil Procedure contain no provision equivalent to Federal Rule 14 for such third-party practice.
“Therefore, the court was without jurisdiction, in the case then pending before it, to entertain the third-party proceeding which resulted in the judgment appealed from. Cf. Hendricks v. Williams, 151 Fla. 538, 9 So.2d 923, 925.”
As in the above cited case the appellant attempted by its cross-action in Mattef v. City of Boca Raton to invoke a third-party procedure. The court, being without jurisdiction, had no authority to dismiss the suit upon any other ground. It therefore becomes unnecessary to discuss the other points raised in this appeal.
Since the court in Mattef v. City of Boca Raton had no jurisdiction to entertain a third-party action it follows that the lower court in the instant case was in error in granting summary judgment on the basis of res judicata. In fairness to the learned Circuit Judge it is pointed out that his order of summary judgment in this case was entered October 30, 1957, whereas the Pan American Surety Company v. Jefferson Construction Company, opinion was rendered January 13, 1958.
The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed.
KANNER, C. J., and ALLEN, J., concur.