PER CURIAM.
Appellee Saphier filed suit against appel-lees Herel and Burrows claiming damages for breach of contract and negligence in the construction of a building. After obtaining leave of court, Herel filed a cross claim against appellant Schmid alleging that he is or may be liable to Herel for all or part of Saphier’s claim against Herel. The court overruled Schmid’s motion to dismiss the cross claim and judgment was entered against Herel, and judgment in the same amount was entered for Herel and against the cross defendant Schmid. Schmid appealed contending the court was without jurisdiction to entertain the cross claim and that this was third party practice not permitted by the rules.
The cross claim was third party practice not permitted by the rules until the adoption of Rule 1.41, Fla.R.Civ.P., 30 F.S.A., effective January 1, 1966. The Supreme Court declared that the amendment shall govern all proceedings in actions brought after it takes effect and also all future proceedings in actions then pending.[1] While that rule did not govern these proceedings, its adoption does establish the fact that third party practice involves only a question of practice and procedure.
The court had the power to adjudicate the subject matter presented in the cross claim and the parties were actually before the court. It had jurisdiction. Even though the court exercised its jurisdiction in a manner not then permitted by the rules, the error is merely one of practice and procedure regardless of the fact that it has been said that the court was without jurisdiction” to entertain a third party proceeding.[2]
Should we now reverse for this procedural error, then in future proceedings in this action, the rule would permit the third party practice cross claim. This compels us to the conclusion that the error was harmless.
Affirmed.
SMITH, C. J., ANDREWS, J., and MELVIN, WOODROW M., Associate Judge, concur.

. In re Florida Rules of Civil Procedure 1965 Revision, Fla.1965, 178 So.2d 15.

. Pan American Surety Company v. Jefferson Construction Company, Fla.App. 1958, 99 So.2d 726, and City of Boca Raton v. Sharp, Fla.App.1958, 107 So. 2d 271.