PER CURIAM.'
The attached amendments to the Florida Rules of Civil Procedure are hereby approved and adopted, the same to take effect on 1 January 1966. They govern all proceedings in actions'brought after they take effect and also all further proceedings in actions then pending. All rules, parts of rules, statutes or parts of statutes inconsistent with the amendments hereby approved and adopted are hereby repealed.
*16 THORNAL, C. J., and THOMAS, ROBERTS, DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.
Unless indicated here, the Committee Notes to the 1962 Fla.R.C.P. are retained.
The following Committee Notes are those that are new or changed:
RULE 1.2
Common Law Rule 4 and Equity Rule 4.
RULE 1.6
Based on Common Law Rule 3 and Federal Rule 6.
RULE 1.7
Adaptation of Federal Rule 7(a), 10(a) and Common Law Rule 8.
RULE 1.8
Adaptation of Common Law Rule 9, Equity Rules 28 and 34, and Federal Rule 8(a). Subsection (b) more closely conforms to Federal Rule 8(b) but the last sentence is similar to Federal Rule 54(c).
Rule 1.10
Consolidation of Common Law Rule 11 and Equity Rule 22, Subsection (b) is changed to include language in Federal Rule 10(c).
RULE 1.11
Substantially the same as Common Law Rule 13 and Equity Rule 33. Subsection (b) is amended to restore demurrer practice to the extent of requiring the specific grounds of defensive motions to be stated.
RULE 1.13'
Adaptation of Equity Rule 35, F.S. 52.11 and F.S. -52.12(1). Third party practice is provided for. See Federal Rule 14.
RULE 1.15
Consolidation of Common Law Rule 15 and Equity Rules 26 and 36.
RULE 1.16
Common Law Rule 16 and Equity Rule 77. Part (5) is adapted from Federal Rule 16.
RULE 1.17
Subsection (a) is substantially the same as Equity Rule 8. Subsection (b) is adapted from Equity Rule 15 and Federal Rule 17(c).
RULE 1.19
Combination of Common Law Rule 19 and Equity Rules 10 and 19. Subsection (c) is from Federal Rule 25(c). Subsections (a) and (d) are changed to conform to Federal Rule'25 (a) and (d).
RULE 1.21
Based on Common Law Rule 20, Equity Rule 47(d) and Federal Rule 26.
RULE 1.23
■ Common Law Rule 22 and Equity Rule 47(d). Subsection (b) is new and is taken from Federal Rule 28(b).
RULE 1.34
An adaptation of Federal Rule 45. 'RULE 1.35
See Federal Rule 41 and Sec. 45.19(1) F.S.
RULE 1.37
Adaptation of Common Law Rules 37 and 38, and Federal Rule 43(b) and (c).
RULE 1.39
Adapted from Equity Rule 75 and Sec. 53.17 F.S.
RULE 1.41
Federal Rule 14, except 20 days is substituted for 10 days.
RULE 1.40
See Federal Rule 69(a).
*17 RULE 2.2
Committee Note is deleted.
RULE 2.13
Common Law Rule SO. See also Section 62.16 F.S. Subsection (b) is Section 55.38 F.S.
RULE 2.23
Fla.Stat. Sec. 54.16.
RULE 3.12
Rule is repealed.
RULE 3.16
Based on Equity Rules 70 and 71.
RULE 3.19
Equity Rule 73. See also Federal Rule 65(c) and Section 64.01 through 64.06, F.S.
RULE 3.20
Adaptation of Equity Rule 74.
REPEALED
RULE 2.3
Repealed.
RULE 3.12
Repealed.
RULE 1.3. RULE DAY ABOLISHED. PROCESS
(b) Summons — Issuance. Upon commencement of the action, summons or other process authorized by law shall be issued forthwith by the clerk or' judge and delivered for service without praecipe.
(d) Same — Numerous Defendants. If there is more than one defendant, the clerk or judge shall issue as many writs of summons or other process authorized by law against the several defendants as may be directed by the plaintiff or his attorney. When any such process is returned not executed or returned improperly executed as to any defendant, the plaintiff shall be entitled to such additional process against such defendant as may be required to effect service.
(e) Same — Proceed Against Those Served. When action is brought against two or more defendants and process is served on one or more, but not on all, and the sheriff returns that any defendant not served does not reside in the county, the plaintiff may proceed against the defendants served, noting the fact of non-service as to the defendants not served; or, the plaintiff may, at his option, order additional process delivered to the sheriffs of the counties in which such defendants reside to be served on them. Nothing in this rule shall be construed to prevent the plaintiff from bringing action thereafter against any defendant not served for the same claim, but‘the plaintiff shall have satisfaction of only one judgment rendered for the same claim.
(g) Copies of Complaint for Defendants. At the time of personal service of process a copy of the complaint, affidavit, petition or other initial pleading, shall be delivered to the party upon whom service is made. The date and hour of service shall be endorsed on original process and all copies by the person .making the service.
(a), (c), (f), (h), (i) and (j) of Rule 1.3, FRCP 1962, are retained.
RULE 1.4. SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Required. Unless the court otherwise orders every pleading subsequent to the initial pleading, and every order or judgment not entered in open court, and every other paper filed in the action, except applications for witness subpoena, shall be served on each party. No service need be made on parties against whom a default has been entered except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons.
(d) Piling. All original papers shall be filed with the court either before service *18 or immediately thereafter. If the original or any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing With the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with him, in ■ which event he shall note thereon the filing date and transmit them to the clerk and the clerk shall file them as of the same date they were filed with the judge.
' (b), (c) and (f) of FRCP 1962, Rule 1.4 are retained.
RULE 1.5. ATTORNEYS
(a) Pleadings to he signed by Attorney. Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated and who shall be duly licensed to practice law in Florida. He may be required by or'der of court to vouch for his authority to represent and to give the address of such party. Except when otherwise specifically ■provided by these rules or an applicable statute, pleadings and other papers need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or other paper; that to the best of his knowledge, information and belief there is good ground to support it and ■that it is not interposed for delay. If a pleading br other paper is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading or other paper had not been served. '
(b) Party not Represented by Attorney to Sign. A party who has no attorney but represents himself shall sign his pleading or other paper and state his address.
• (c) and (d) of FRCP 1962, Rule 1.5 are retained; (e) is deleted.
RULE 1.6. TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the date of the act, event or default from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
(b) Enlargement. When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time, in its discretion (1) with or without notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect; but it may not extend the time for making a motion for new trial, filing petition for rehearing or a motion to alter or amend a judgment or a motion for relief from a judgment under Rule 1.38(b) or for taking an appeal or filing a petition for .certiorari, or for making a motion for á directed verdict.
(c)and (d) of FRCP 1962, Rule 1.6 are retained, also (e).
RULE 1.7. PLEADINGS;-MOTIONS
(a) Pleadings. There shall be a complaint or when so designated by statute or rule, a petition and an answer; an. answer to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, if a person who was not an original *19 party is summoned as a third party defendant; and a third party answer, if’a third party complaint is served. No other pleadings shall be allowed, except that the court may order a reply to an answer or a third party answer.
(c) Contents. Every pleading and other paper shall contain a caption setting forth the name of the court, the title of the action, the file number and a designation as in (a) or (b) of this rule. The caption of the pleading or paper shall also state the name of the first party on each side with an appropriate indication of other parties.
(b) and (e) of FRCP 1962, Rule 1.7 are retained; (d) is deleted; (e) is re-numbered (d).
RULE 1.8. GENERAL RULES OF PLEADING
(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third party claim must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court’s jurisdiction depends, unless the court already has jurisdiction and the claim needs no. new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.
(f) Separate Statements. All averments of claim or defense shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated iii a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.
(a), (c), (d), (e) and (g) of FRCP 1962, Rule 1.8 are retained.
RULE 1.10. ATTACHING COPY OF CAUSE OF ACTION AND EXHIBITS
(a) Instruments Attached. All bonds, notes, bills of exchange, contracts, accounts or documents upon which action may be brought or defense made, or a copy thereof, or a copy of the portions thereof material to the pleading, shall be incorporated in or attached to the pleading. No papers shall be unnecessarily annexed as exhibits. The pleadings shall contain no unnecessary recitals of deeds, documents, contracts or other instruments.
(b) Part for all Purposes. ■ Any exhibit attached to a pleading shall be considered a part thereof for all purposes. Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion.
RULE 1.11. DEFENSES
(a) When Presented. A defendant shall serve his answer within twenty days after service of original process and the original pleading upon him, or not later than the date fixed in a notice by publication, which date shall be not less than twenty-eight nor more than sixty days áfter the first publication of the notice. A party served with a pleading stating a cross-claim against him shall serve an answer thereto within twenty days after the service upon him. The plaintiff shall serve his answer to a counterclaim within twenty days after service of the counterclaim, or, if a reply is ordered by the court, within twenty days after service of the order, unless the order otherwise directs. The service of a motion under this rule (except a motion for judgment on the pleadings) alters these periods of time as follows, unless a different time is fixed by order of the court: (1)' if the court denies the motion or postpones its disposition until the trial on the merits, the re *20 sponsive pleading shall be served within ten days after notice of the court’s action; (2) if the court grants a motion for a more definite statement, the responsive pleading shall be served within ten days after service of the more definite statement.
(b)How Presented. Every defense, in law or fact, to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is required; except that the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not so stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief.
(c), (.d), (e), (f), (g) and (h) of Rule 1.11, FRCP 1962, are retained.
RULE 1.13. COUNTERCLAIMS AND CROSS-CLAIMS
(a)Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim, and the pleader is not stating a counterclaim under this rule.
(b) Permissive Counterclaim. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party’s claim.
(c) Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.
(d) Counterclaim Against the State. These rules shall not be construed to enlarge beyond the limits established by law the right to assert counterclaims or to claim credits against the State or any of its subdivisions or other governmental organizations thereof subject to suit or against a municipal corporation or against an officer, agency or administrative board of the State.
(e) Counterclaim Maturing or Acquired After Pleading. A claim which matured or was acquired by the pleader after serving his pleading may be presented as a counterclaim by supplemental pleading with the permission of the court.
(f) Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect or when justice requires, he may set up the counterclaim by amendment with leave of the court.
*21 (g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party aris-: ing out of the transaction or occurrence that is the subject matter of either the origi-» nal action or of a counterclaim therein or relating to any property that is the subject matter of the original action. The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.
(h) Additional Parties May be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to- .be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action.
(i) Separate Trials; Separate Judgment. If the court orders separate trials as provided in Rule 1.20(b), judgment on a counterclaim or cross-claim may be tendered when the court has jurisdiction to do so even if a claim of the opposing party has been dismissed or otherwise disposed of.
(j) Demand Exceeding Jurisdiction; Transfer of Cause. If the demand of any counterclaim or cross-claim exceeds, the jurisdiction of the court where the action is pending, the action shall be transferred forthwith to the court of the same county having jurisdiction of the demand in the counterclaim or cross-claim with only such alterations in the pleadings as are essential. The court shall order the transfer of the action and the transmittal of all papers therein to the proper court and thereupon the original papers shall be transmitted and filed, together with a certified copy of the order. The court to which the action is transferred shall have full power and jurisdiction over the demands of all parties.
RULE 1.15. AMENDED AND SUPPLEMENTAL PLEADINGS
(а) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless the court otherwise orders; provided that if a motion or pleading has been served in response to the original pleading and a party does not plead or move in response to the amended pleading, the. original response shall be considered as pleaded to the amended pleading.
(b), (c), (d), and (e) of Rule 1.15 FRCP 1962, are retained.
RULE 1.16. PRE-TRIAL PROCEDURE
After all issues are settled the court (1) may of its own motion or (2) shall on motion of either party to the action, require the attorneys for the parties to appear before it for conference to consider and determine :
(1) The simplification of the issues;
(2) The necessity or desirability of amendments to the pleadings;
(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(4) The limitation of the number of expert witnesses;
(5) The advisability of a preliminary reference of issues to a master for findings of fact for use by the court for pre-trial purposes;
(б) Such other matters as may aid in the disposition of the action.
*22 The court shall make an order reciting the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or agreements of counsel. The order shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court may establish by rules a pre-trial calendar on which actions may be placed for consideration.
The court shall serve a copy of its order setting a pre-trial conference on the attorneys for the parties not less than 20 days prior to the conference. Upon failure of an attorney for a party to attend the conference, the court may dismiss the action or strike the answer, or take such action as the justice of the cause requires.
RULE 1.19. SURVIVOR. SUBSTITUTION OF PARTIES
(a) Death.
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in Rule 1.4 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
(d) Public Officers; Death or Separation from Office.
(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.
(2) When a public officer sues or is sued in his official capacity, he may be described as a party by his official title rather than by name; but the court may require his name to be added.
(a)(2), (b) and (c) of Rule 1.19 FRCP 1962, are retained.
RULE 120. ' CONSOLIDATION: SEPARATE TRIALS
(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third party claim or of any separate issue or of any number of claims, cross-claims, counterclaims or issues.
(a) of Rule 1.20 FRCP 1962, is retained.
RULE 1.21. DEPOSITIONS PENDING ACTION
(a) When Depositions May Be Taken. Any party may take the. deposition of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence. in the action, or for both purposes. After commencement of theaction the deposition may be taken without leave of court, except that leave, granted with or without notice must be obtained if notice of the taking is served by the plaintiff within 20 days after service of process on the defendant. The attendance of witnesses may be compelled by the use of subpoenas as provided by law. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
(f) Objections to Admissibility. Subject to the provisions of Rule 1.23(b) or Rule 1.26(c), objection may be made at the trial *23 or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.
(b), (c), (d), (e) and (g) of Rule 1.21 FRCP 1962, are retained;
RULE 1.22. DEPOSITIONS BEFORE ACTION OR. PENDING APPEAL
(b) Pending Appeal. If ah appeal has been taken from a judgment of any court or before the Taking of an appeal, if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the- depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service thereof as if the action were pending in the court. The mo.tion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each;' (2) the reason for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay in justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for by these rules, and thereupon the depositions, may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court. ■ • ■
(a), (c) and (d) of Rule 1.22, FRCP 1962, are retained.
RULE 1.23. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN
(b) In Foreign Countries. In a foreign country depositions may be taken (1) on notice before a person authorized to administer oaths in the place in which the examination is held, either by the law thereof or by the law of Florida or of the United States or (2) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of his commission to administer any necessary oath and take testimony or (3) pursuant to a letter rogatory. A commission or a letter rogatory shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter rogatory that the taking of the deposition in any other manner is impracticable or inconvenient; and both a commission and a letter rogatory may be issued in proper cases. A notice or commission may designate the person before whom the. deposition is to be taken either by name or descriptive title. A letter rogatory may be addressed “To the Appropriate Authority in (herein name the coüntry).” Evidence obtained in response to a letter rogatory need not be excluded merely for the reason that it is not a verbatim transcript or that the testimony was not taken under oath or any similar departure from the requirements for depositions taken within Florida under these rules.
(a), (b) and (c) of Rule 1.23 FRCP 1962, are retained; however, (b) and ■ (c) are renumbered (c) and (d).
RULE 1.24. DEPOSITIONS UPON ORAL EXAMINATION
(d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b) of this rule. If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which-the action is pending. Upon *24 demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses ■as the court may deem reasonable.
(a), (b), (c), (e), (f) and (g) of Rule 1.24, FRCP 1962, are retained.
RULE 1.26. EFFECT OF ERRORS AND IRREGULARITIES IN DEPOSITIONS
(c) As to Taking of Deposition.
(3) Objections to the form of written interrogatories submitted under Rule 1.25 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other interrogatories and within 3 days after service of the last interrogatories authorized, .
(a), (b), (c)(1) and (2) and (d) of Rule 1.26, FRCP 1962, are retained.
RULE 1.27. INTERROGATORIES TO PARTIES
Any party 'may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that if service is made by the plaintiff within 10 days after service of process on the defendant, leave of court granted with or without notice must first be obtained. The interrogatories shall be answered separately and fully in writing under oath. Thé answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers within 20 days after service of interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.
The last two paragraphs of the present Rule 1.27, FRCP 1962, are retained.
RULE 1.30. ADMISSION OF FACTS AND GENUINENESS OF DOCUMENTS
(a) Request for Admission. After commencement of an action a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. If a plaintiff desires to serve a request within 10 days after service of process on the defendant, leave of court, granted with or without notice, must be obtained. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 20 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party •to whom the request is directed serves either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part together with a notice of hearing the objections at the earliest practicable time. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of *25 the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the re--mainder.
(b) of Rule 1.30, FRCP 1962, is retained.
RULE 1.31. REFUSAL TO MAKE DISCOVERY: CONSEQUENCES
(a) Refusal to Answer. If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall he completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter .on reasonable notice to all parties and the deponent, the proponent of the question may apply to the circuit court in the county where the deposition is taken, if taken out of the county where the case is pending, or the court having jurisdiction of the cause if the deposition is taken in the county where the case is pending, for an order compelling an answer. Upon the refusal of a deponent to answer any interrogatory submitted under Rule 1.25 or upon the refusal of a party to answer any interrogatory submitted under Rule 1.27, the proponent of the question may on like notice make like application for such an order. If tire motion is granted and the court hearing the motion finds that the refusal was without substantial justification, it may enforce its order by contempt. The court having original jurisdiction of the cause may require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney’s fees. If the motion is denied by the court hearing it and said court finds that the motion was made without substantial justification, the court having original jurisdiction of the cause may require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorney’s fees.
(b), (c)' and (d) of Rule 1.31, FRCP 1962, are retained.
RULE 1.32. DEPOSITIONS OF EXPERT WITNESSES
(Note) Change the numbered paragraphs to lettered paragraphs.
RULE 1.33. DEPOSITION DEEMED PUBLISHED WHEN FILED
Upon the filing of any deposition or affidavit taken under any rule or statutq, it shall be deemed published, unless otherwise ordered by the court, and may be opened and examined by any party in the presence of the clerk. The clerk may unseal the deposition and file it with other papers in the court file.
RULE 1.34. SUBPOENA
(c) Service. A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 21 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fee for one day’s attendance and the mileage allowed by law. Proof of such service shall be made by affidavit of the person making service if not served by an officer authorized by law to do so.
(a), (b), (d), (e) and (f) of Rule 1.34, FRCP 1962, are retained.
RULE 1.35. DISMISSAL OF ACTIONS
(a) Voluntary Dismissal; Effect thereof.
(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served, or if such motion is denied, before retirement of the jury in a case tried before a jury or be *26 fore submission of a nonjury case- to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless others wise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
(2) By Order of Court; if Counterclaim. Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at a party’s instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served, by a defendant prior to the service upon him of the plaintiff’s notice of dismissal, the action shall not be dismissed against defendant’s objections unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
(b)Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right to relief without waiving his right to offer evidence in the event the motion is not granted. The court as trier of the facts may then determine them and rendered judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.
(c) Dismissal of Counterclaim, Cross-claim or Third Party Claim. The provisions of this rule apply to the dismissal of any counterclaim, cross-claim or third party claim.
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim-against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(e) Failure to Prosecute. All actions in which it does not affirmatively appear from some .action taken by filing of pleadings, order-of court-or otherwise that the same is being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court upon its own motion or upon motion of any interested person, whether a party to the action. or not, after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order.of dismissal.
RULE 1.36. SUMMARY JUDGMENT
(c) Motion and Proceeding Thereon. The motion shall be served at least 20 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no.genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. A summary judgment, interlocu *27 tory in character, may be rendered on th*e issue of liability alone although there is a genuine issue as to the amount of damages. -
(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and 'shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto ' or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers . to interrogatories or by further affidavits.
(a),- (b), (d), (f) and (g) of Rule 1.36, FRCP 1962, are retained.
RULE 1.37. EVIDENCE
(c) Filing. When documentary evidence is introduced in an action, the clerk or the judge shall endorse an identifying number or symbol on it and when proffered or admitted in evidence, it shall be filed by him and considered in the custody of the court and not withdrawn except with written leave of court.
(d) Disposal. The clerk shall retain exhibits introduced in evidence or marked for identification; provided (1) that the court may order any such exhibit returned to either party and (2) the clerk may destroy or dispose of such exhibits under order of court after notice to all parties or stipulation of the parties.
<a) and (b) of Rule 1.37, FRCP 1962, are retained.
RULE 1.39. TRANSFERS OF ACTIONS
(b)Transfers of' Courts. If it should appear at any time that an action is pending in the wrong, court of any county it ■ may be transferred to the proper court within said county.by the same method as provided in Rule 1.13(j).
(c)Wrong Venue. When any action is filed laying venue in the wrong county or district, the court may transfer the action to the proper court in any county or district where it might have been brought in accordance with the venue statutes in the same manner as provided in Rule 1.13(j). When the venue might have been laid under the venue statutes in two ,or more counties or districts, the person bringing such action may select the county or district to which the action is transferred; but if no such selection is made, the matter shall be determined by the court.
(a) of Rule 1.39, FRCP 1962, is retained.
RULE 1.41. THIRD PARTY PRACTICE
(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff’s claim against him. The third party plaintiff need not obtain leave to make the service if he files the third party complaint not later than twenty days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third party complaint, hereinafter called the third party defendant, shall make his defenses to the third party plaintiff’s claim as provided in Rules 1.8 and 1.11 and his counterclaims against the third party plaintiff and cross-claims against other third party defendants as provided in Rule 1.13. The third party defendant may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff’s claim. The third party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff’s claim against the third party plaintiff. The plaintiff may assert any claim against the third party defendant arising out of the transac *28 tion or occurrence that is the subject matter of the plaintiff’s claim against the third party plaintiff and the third party defendant thereupon shall assert his defenses as provided in Rules 1.8 and 1.11 and his counterclaims and cross-claims as provided in Rule 1.13. Any party may move to strike the third party claim or for its severance or separate trial. A third party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third party defendant.
(b) When Plaintiff May Bring in Third Party. When a counterclaim is asserted against the plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.
RULE 2.2. SETTING CASES FOR TRIAL
(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading.
(b) Notice that Cause is at Issue. Thereafter any party may file and serve a motion that the action be tried and thereupon the clerk shall notify the court and the action shall be set for trial as provided in subdivision (c) of this rule.
(c) When Set. When the motion that the action be tried is filed, the court shall set the action for trial and notify all parties in writing of the trial date; provided no trial date shall be less than thirty days from the service of notice of the trial date unless all parties agree to a shorter time. An action shall not be set for trial if the parties so stipulate, with the approval of the court. By giving the same notice, the court may set a case for trial of its own motion.
RULE 2.5. Transferred to Rule 1.37(c) and (d).
RULE 2.6. EXCEPTIONS UNNECESSARY
(c)Orders on New Trial, Directed Verdicts, etc. It shall not be necessary to object or except to any order granting or denying motions for new trials, directed verdicts or judgments non obstante vere-dicto, or in arrest of judgment to entitle the party against whom such ruling is made to have the same reviewed by an appellate court.
(a) and (b) of Rule 2.6 FRCP 1962, are retained.
RULE 2.7. MOTION FOR A DIRECTED VERDICT
(a) Effect. A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury. A motion for a directed verdict shall state the specific grounds therefor. The order directing a verdict is effective without any assent of the jury.
(b) and (c) of Rule 2.7, FRCP 1962, are retained.
RULE 2.8. MOTIONS FOR NEW TRIALS; REHEARING; AMENDMENTS OF JUDGMENTS
(a) lury and Non-Iury Cases. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
(b) Time for Motion. A motion for a new trial, or a motion for rehearing in matters heard without a jury or rehearing of any motion for judgment provided for by these rules, shall be served not later than 10 days after the rendition of verdict *29 or the entry of such judgment. A timely motion may at the discretion of the court be amended to state new grounds at any time before it is disposed of.
(f) Order Granting to Specify Grounds. All orders granting a new trial shall specify the particular and specific grounds therefor.
(c), (d), (e) and (g) of Rule 2.8, FRCP 1962, are retained.
RULE 2.13. EXECUTIONS AND FINAL PROCESS
(a)Issuance. Executions on judgments shall issue on the request of the party entitled thereto or his attorney. No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial and if a motion for new trial is timely served, until the motion is determined; provided it may he issued on special order of the court.
(h) Stay. The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parties.
RULE 2.18. PROHIBITION
(a) Petition For. An application for writ of prohibition in the circuit court shall be by petition stating the nature of the proceeding sought to be prohibited. The contents of the petition shall be substantially as required by statute.
(b) Issuance of Rule. If the petition makes a prima facie case, the court may issue a rule directed to the respondents, commanding them to show cause on a return day certain why the writ should not be granted.
(c) of Rule 2.18, FRCP 1962, is retained.
RULE 2.20. QUO WARRANTO
(a) By Whom Instituted. Proceedings in quo warranto including informations in the nature of quo warranto may be instituted by petition in the name of the State by the Attorney General, or by any person claiming title to the office or franchise on the refusal of the Attorney General.
(c) ludgment of Ouster. When any petition is well founded, a judgment of ouster may issue without further amendments to the extent that the petition is well founded.
(b) of Rule 2.20, FRCP 1962, is retained. RULE 2.23. VIEW
Upon motion of either party the jury may be taken to view the premises or place in question, or any property, matter or thing relating to the controversy between the parties, when it appears that view is necessary to a just decision; but the party making the motion shall advance a sum sufficient to defray the expenses of the jury and the officer who attends them in taking the view, which expense shall be taxed as costs if the party who advanced it prevails.
RULE 3.9. DEFAULT: DECREE PRO CONFESSO
If the defendant shall fail to serve his answer or other defense to the complaint, within the time prescribed, or within such other time as shall have been fixed by the court, then the plaintiff may at his election take an order to be entered by the clerk or the judge, as of course, that the complaint be taken pro confesso; and thereupon the cause shall proceed ex parte, and the matter or the complaint may be decreed by the court accordingly if the same can be done without an answer and is proper to be decreed. A party may plead at any time until such decree pro confesso be entered.
If the cross-defendant shall fail to serve his reply or other defense to an answer asserting a counterclaim and specially praying relief at the time prescribed, or within such other time as shall have been fixed by the- court, a decree pro confesso may be taken and like proceedings had thereon as in case of failure of the defendant to serve defensive pleadings to the complaint.
*30 RULE 3.14. MASTERS
(i) Former Proofs May be Used• All affidavits, depositions and documents which have been previously made, read or used in the court upon any proceeding in the cause or matter may be used before the master or the court.
(a), (b), (c), (d), (e), (f), (g), (h), (j), (k) and (1) of Rule 3.14, FRCP 1962, are retained.
RULE 3.16. REHEARINGS
(a) Petition. Every petition for rehearing, including a petition directed to a summary decree, shall contain the special matter or cause on which such rehearing is applied for, shall be signed by counsel, and the facts therein stated, if not apparent on the record shall be verified by the oath of the party or by some other person having knowledge of the facts. No rehearing shall be granted unless the petition is served within 10 days after the recording of the decree.
(b) On Initiative of Court. Not later than 10 days after entry of a decree, or within the time of ruling on a timely filed petition for a rehearing, the court of its own initiative may order a rehearing or enter a new or amended decree for any reason for which it might have granted a rehearing or entered a new or amended decree on the motion of a party.
(b) of Rule 3.16, FRCP 1962, is retained but re-lettered (c).
RULE 3.18. PROCESS IN BEHALF OF AND AGAINST PERSONS NOT PARTIES
Every person who is not a party to the action who has obtained an order, or in whose favor an order has been made, may enforce obedience to such order by the same process as if he were a party; and every person, not a party, against whom obedience to any order may be enforced, shall be liable to the same process for enforcing obedience to such orders as if he were a party.
RULE 3.19. INJUNCTIONS
(a) Issuance. No injunction shall be granted until a complaint therefor is filed.
(b) Temporary Injunction; Notice; Bond. No temporary injunction shall be granted except after notice to the adverse party unless it is manifest from.-the allegations of a verified complaint or supporting affidavits that the injury will be done if an immediate remedy is not afforded and in such event the court may grant a temporary injunction until a hearing or further order of court. When a temporary injunction is granted, the court shall require the party obtaining it to give bond conditioned for the payment of such costs and damages as may be incurred or suffered by any party who is wrongfully enjoined unless the court, after taking' evidence from all parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to give bond, finds such to be true, in which event a temporary injunction without bond may be granted. When any injunction is issued on the complaint of a municipality or the State or any officer, agency or political subdivision thereof, the court, in its discretion having, due regard to the public interest, may require or dispense with the requirement of a bond, with or without surety, and conditioned as the circumstances may require.
(c) Motion to Dissolve- Any party against whom an injunction has been granted may move to dissolve it at any time.
(d) Evidence. Either party may present evidence at any hearing on an application for or motion to dissolve an injunction. On hearing the court may grant, dissolve or continue the injunction or may require bond.
(e) To Stay Other Proceedings. No injunction to stay other proceedings shall issue except on motion and notice to the adverse party, nor unless the party applying therefor has previously paid all costs of *31 the other proceeding and gives a bond payable to the adverse party in the other proceeding and conditioned (1) to pay to plaintiff all damages, losses, expenses and charges which he may have sustained or have been put to by reason of the issuing of the injunction if the injunction is dissolved, or if the complaint upon which it was granted is dismissed, if the application is to stay proceedings before verdict or inquest of damages; or (2) to pay the debt, interest and such damages as may be occasioned by the wrongful issuing of said injunction, if said injunction is dissolved, or the complaint upon which it is granted is dismissed if the application is to stay the proceedings after verdict or inquest of damages.
RULE 3.20. RECEIVERS — APPOINTMENT AND REPORT OF
(a) Notice. The provisions of Rule 3.19 as to notice shall apply to applications for the appointment of receivers.
(b) Report. Every receiver shall file in the clerk’s office a true and complete inventory under oath of the property coming under his control or possession under his appointment within twenty days after his appointment. The receiver shall every three months unless the court otherwise orders, file in the same office an inventory and account under oath of any additional property or effects which he has discovered or which shall have come to his hands since his appointment and of the amount remaining in his hands or invested by him, and of the manner in which the same is secured or invested, stating the balance due from or to him at the time of rendering his last account, and his receipts and expenditures since that time. When a receiver neglects to file the inventory and account, the court shall enter an order requiring the receiver to file such inventory and account and to pay out of his own funds the expenses of the order and the proceedings thereon within not more than twenty days after service of a copy of such order upon him.
(c)Bond. The court may grant leave to put the bond of the receiver in suit against the sureties without notice to the sureties of the application for such leave.